IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAVIL MINGAZA GAMIL,
    Detainee,
    Guantanamo Bay Naval Station
    Guantanamo Bay, Cuba;

DILIARA MINGAZOVA,

    as Wife of RAVIL MINGAZA GAMIL;

*Petitioners/Plaintiffs,*

v.

GEORGE W. BUSH,
    President of the United States
    The White House
    1600 Pennsylvania Ave., N.W.
    Washington, D.C. 20500;

DONALD RUMSFELD,
    Secretary, United States
    Department of Defense
    1000 Defense Pentagon
    Washington, D.C. 20301-1000;

ARMY BRIG. GEN. JAY HOOD,
    Commander, Joint Task Force — GTMO
    JTF-GTMO
    APO AE 09360; and

ARMY COL. MIKE BUMGARNER,
    Commander, Joint Detention
        Operations Group — JTF -GTMO,
    JTF-GTMO
    APO AE 09360,

*Respondents/Defendants.*

CASE NO. 1:05CV0210

JUDGE:  James Robertson

DECK TYPE: Habeas Corpus/2255

**DOCUMENT FILED ELECTRONICALLY**

# **MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF AMENDED PROTECTIVE ORDER**

Petitioner respectfully requests that the Court enter in his case the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Amended Protective Order").[1] Entry of the Amended Protective Order in this case is an absolute prerequisite for Petitioner to have access to his counsel and for counsel to have any meaningful ability to represent Petitioner because without the Amended Protective Order, the government will not permit counsel to have any contact whatsoever with his client.

The Amended Protective Order was first issued on November 8, 2004, in the *In re Guantanmo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and has since been entered in over 175 related *habeas* proceedings before this Court and the Courts of this District. A failure to enter the Amended Protective Order in this case, would disrupt and delay Petitioner's access to, and communications with, his counsel. Petitioner's access to his attorney is not a matter of government discretion; but rather, is required as matter of law. *Al Odah v. United States*, 346 F. Supp. 2d 1, 10

---

[1] The Amended Protective Order includes the following orders in *In re Guantanamo Detainee Cases*: Amended Protective Order and Procedures for Counsel Access to Detainees at the Untied States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, 344 F. Supp. 2d 174 (D.D.C. 2004); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. See Exhibits A-C.

2

(D.D.C. 2004). Entry of the Amended Protective Order will afford the undersigned counsel the same opportunities already provided to counsel in the other pending Guantanamo Bay detainee cases to visit Petitioner at Guantanamo Bay and to communicate with his client in accordance with the legal procedures outlined in the Amended Protective Order.

Pursuant to Local Civil Rule 7(m), the undersigned counsel conferred with Respondent' counsel regarding the relief sought in this motion. Respondents' counsel has not consented to the motion.

The Respondents' counsel has indicated that the refusal to consent to the entry of the Amended Protective Order is based upon a view that the Detainee Treatment Act of 2005 ("DTA") divests this Court of jurisdiction. The DTA provides no basis for refusing to enter the Amended Protective Order in this case. In fact the Amended Protective Order has been entered in at least 13 cases after the adoption of the DTA:

- Al Salami v. Bush, 05-CV-2452 (D.D.C., April 13, 2006) (Friedman)
- Zadran v. Bush, 05-CV-2367 (D.D.C., April 12, 2006) (Roberts)
- Alsaaei v. Bush, 05-CV-2369 (D.D.C., April 12, 2006) (Roberts)
- Said v. Bush, 05-CV-2384 (D.D.C., April 12, 2006) (Roberts)
- Al Shareef v. Bush, 05-CV-2458 (D.D.C., April 12, 2006) (Roberts)
- Awad v. Bush, 05-CV-2379, (D.D.C., April 11, 2006) (Robertson)

- Thabid v. Bush, 05-CV-2398 (D.D.C., March 21, 2006) (Hevelle)

- Razakah v. Bush, 05-CV-2370 (D.D.C., March 17, 2006) (Sullivan)

- Labed Ahmed v. Bush, (D.D.C., March 2, 2006) (Sullivan)

- Wahab v. Bush, 05-CV-886 (D.D.C., January 10, 2006) (Sullivan)

- Mohammad v. Bush, 05-CV-879 (D.D.C., January 9, 2006) (Walton)

- Bostan v. Bush, 05-Cv-883 (D.D.C., January 9, 2006) (Robertson)

- Khiali-Gul v. Bush, 05-CV-877 (D.D.C., January 6, 2006) (Robertson)

The scope and effect of the DTA on petitions for habeas that were pending as of the DTA's effective date is an issue that has been fully briefed and argued to the Supreme Court and to the D.C. Circuit.[2] Neither of those Courts has yet ruled and consequently the status quo remains in effect. The Respondents continue to recognize the effectiveness of the Amended Protective Order as it applies in other detainee habeas cases. It may be several months before the appellate courts provide guidance with respect to the DTA. In the meantime, petitioners – including the petitioners in this case – are entitled to act, and be treated, in accordance with the state of the law as it exists now. The Respondents' motions attacking jurisdiction in the Supreme Court and in the D.C. Circuit have not yet been determined. The Respondents should not be permitted to assume that those motions will be

---

[2] On March 28, 2006, the Supreme Court of the United States heard oral argument on, *inter alia*, the applicability if the DTA to currently pending Guantanamo detainee *habeas* petitions. On March 22, 2006, the same issue was argued before the Court of Appeals for the District of Columbia.

4

decided in their favor, and they should not be allowed to unilaterally alter the presently existing landscape of these cases by opposing entry of the Amended Protective Order and consequently barring communications between Petitioners and their counsel.

    For the foregoing reasons, Petitioner respectfully requests that the Protective Order be entered in the instant case without delay.

Dated: June 7, 2006           LESNEVICH & MARZANO-LESNEVICH

                              By: _____
                                   Walter A. Lesnevich (3227)
                                   Court Plaza South
                                   21 Main Street
                                   Hackensack, New Jersey 07601
                                   (201) 488-1161
                                   (201) 488-1162

                                   And

           CENTER FOR CONSTITUTIONAL RIGHTS
                        Barbara J. Olshansky (NY_0057)
                        Tina Monshippour Foster
                        (Pursuant to LCvR 83.2(g))
                        Gitanjali S. Gutierrez
                        (Pursuant to LCvR 83.2(g))

                        666 Broadway, 7th Floor
                        New York, New York 10012
                        Tel: (212) 614-6485
                        Fax: (212) 614-6499

                        Counsel for Petitioner