IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAVIL MINGAZA GAMIL, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-2010 (JR) |
| GHANIM-ABDULRAHMAN AL-HARBI, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> GEORGE W. BUSH, <br> President of the United States, *et al.*, <br><br> Respondents. | Civil Action No. 05-CV-2479 (HHK) |

**RESPONDENTS' RESPONSE TO PETITIONERS' MOTIONS TO TRANSFER
AND CONSOLIDATE AND FOR ORDER TO PERMIT COUNSEL ACCESS**

Respondents hereby respond to petitioners' motion for an order permitting counsel access filed in *Al-Harbi v. Bush*, No. 05-CV-2479 (HHK) (dkt. no. 34), and to the related motion of petitioner, Ravil Mingazov, a.k.a. Ravil Mingaza Gamil, (ISN 702) in *Al-Harbi v. Bush*, No. 05-CV-2479 (HHK) (dkt. nos. 31, 32) and *Gamil v. Bush*, No. 05-CV-2010 (JR) (dkt. no. 13) to transfer and consolidate the *Gamil* case into the *Al-Harbi* case before Judge Kennedy. As explained below, respondents do not oppose providing counsel access with respect to petitioner

Ghanim Abdulraham Al-Harbi in the *Al-Harbi* case. With respect to petitioner Zainulabidin Merozhev in *Al-Harbi*, however, respondents oppose the request for an order requiring counsel access. And with respect to petitioner Ravil Mingazov in *Al-Harbi*, a.k.a. Ravil Mingaza Gamil in *Gamil*, respondents oppose the requested transfer and consolidation of the *Gamil* case into the later-filed *Al-Harbi* case, as well as the requested order requiring counsel access in *Al-Harbi*.

## BACKGROUND

The *Al-Harbi* case was filed not upon the direct authorization of Messrs. Al-Harbi, Merozhev, and Mingazov, but through a fellow detainee, Elham Battayav, acting as a putative next friend. *See Al-Harbi* Petition (dkt. no. 1). Respondents have previously demonstrated that the putative next friend has yet to establish that he meets the standing requirements required of putative next friends under Supreme Court precedent to justify any action other than dismissal of this action. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another.")[1]; Resps' Opp. to Petrs' Mot. for Entry of Amended Protective Order in *Al-Harbi* (dkt. no. 13-1) at 5-13. Furthermore, Messrs. Merozhev and Migazov already have pending previously filed, duplicate petitions in this Court: Merozhev in *Mohammon v. Bush*, No. 05-CV-2386 (RBW), and Mingazov in *Gamil v. Bush*, No. 05-CV-2010 (JR). Thus, as reflected in respondents' Notices of Multiple Petitions Filed by Guantanamo Bay Detainee (*Al-Harbi*, dkt. nos. 11 and 12), the *Al-Harbi* petition appears to be duplicative of previously filed cases as to Merozhev and Mingazov.

---

[1] *Whitmore* requires that a putative next friend satisfy "two firmly rooted prerequisites" to demonstrate standing: (1) he must demonstrate that the detainee on whose behalf he claims to file a petition for writ of *habeas corpus* cannot challenge the legality of his detention himself; and (2) he must have a significant relationship with this detainee in order to demonstrate that he is truly dedicated to the detainee's best interests. 495 U.S. at 163-64.

The Court entered in *Al-Harbi* the Amended Protective Order typically applicable in Guantanamo detainee cases on July 5, 2006 (dkt. no. 16), without addressing the duplicate petition or next friend standing issues raised by respondents. Counsel for petitioners have now filed motions seeking to consolidate the previously filed *Gamil* case into *Al-Harbi* and seeking in *Al-Harbi* an order requiring respondents to permit counsel access to all three petitioners in that case. In their motion, petitioners' counsel submits for the first time a letter from petitioner Al-Harbi essentially authorizing a petition on his behalf. *See* Petrs' Motion for Counsel Access, Ex. C.

**ARGUMENT**

<u>*Ghanim Abdulraham Al-Harbi*</u>. In light of the fact that counsel for petitioner Al-Harbi has now submitted, for the first time, with the motion for counsel access direct authorization from petitioner Al-Harbi for the *habeas* action brought on his behalf, such that the deficient standing of the putative next friend in the case as filed is no longer in issue, respondents do not oppose providing counsel access to petitioner Al-Harbi consistent with the applicable Protective Order provisions. Had counsel submitted the authorization to respondents counsel prior to the filing of their motion for counsel access, the motion as to petitioner Al-Harbi would have been unnecessary. Accordingly, the motion for counsel access as to petitioner Al-Harbi should be denied as moot. Petitioner, however, should be required to amend the petition to reflect that the petition has been directly authorized by petitioner Al-Harbi.

<u>*Zainulabidin Merozhev*</u>. Respondents, however, oppose the motion for counsel access with respect to petitioner Merozhev. As petitioners' counsel admits, a *habeas* action on behalf of Mr. Merozhev, a.k.a. Zein Al-Abedeen, was filed in *Mohammon v. Bush*, No. 05-CV-2386

(RBW) before Judge Walton prior to the filing of the *Al-Harbi* petition. *See* Petrs' Motion for Counsel Access ¶ 6. As is the case in *Al-Harbi*, the petition in *Mohammon* was filed through a fellow detainee, putative next friend who has yet to demonstrate satisfaction of the next friend standing requirements under *Whitmore*. Judge Walton in *Mohammon*, however, has issued an order addressing such situations in the context of requests for counsel access. Specifically, Judge Walton has permitted a counsel visit for "the sole purpose of affording counsel the opportunity to verify that the petitioner authorized his putative next friend to bring a petition for habeas corpus on his behalf," while specifically preserving respondents' objections to such access based on deficient next friend standing. *See Mohammon*, Order (filed July 26, 2006) (dkt. no. 108) at 2-3 (copy attached as Exhibit 1). Petitioner's counsel here, however, appears to seek a different arrangement, given the citation in the motion for counsel access to ruling in cases such as *Kiyemba v. Bush*, No. 05-CV-1509 (RMU); *Said v. Bush*, No. 05-CV-2384 (RWR); and *Razakah v. Bush*, No. 05-CV-2370 (EGS), which ruled that the Protective Order requires two visits with a detainee for counsel to attempt to obtain a direct authorization for suit, unlimited by the constraints established by Judge Walton. *See* Petrs' Motion for Counsel Access ¶ 7; *see also* Resps' Opp. to Petrs' Mot. for Entry of Amended Protective Order in *Al-Harbi* (dkt. no. 13-1) at 14-16 (noting impropriety of such an interpretation of the Protective Order as put forward in cases such as *Said*).

      The motion for counsel access with respect to petitioner Merozhev should be denied given the pendency of the previously filed case, *Mohammon*, brought on petitioner's behalf. As explained, Judge Walton has already established a regime of counsel access in cases such as this, where respondents challenge the standing of a putative next friend, and petitioner's counsel in the

*Al-Harbi* case seeks a different regime that this Court (Judge Kennedy) has yet to adopt or issue a ruling on in *Al-Harbi* or any other case. Thus, counsel's request for access with respect to petitioner Merozhev in *Al-Harbi* presents a risk that respondents will be subjected to multiple, inconsistent orders with respect to a single detainee as a result of multiple *habeas* petitions on behalf of the detainee being pursued simultaneously.

In an attempt to avoid this intolerable and inappropriate situation, petitioner asserts that counsel in *Mohammon* are prepared to drop petitioner Merozhev from *Mohammon* so that *Al-Harbi* may proceed. *See* Petrs' Motion for Counsel Access ¶ 6. That has not happened, however. Moreover, counsel should not be permitted to manipulate multiple case filings on behalf of a single petitioner in order to obtain a regime they find most desirable or convenient. In addition, requiring counsel to proceed in the first-filed case would also avoid an unnecessary resolution by this Court in *Al-Harbi* of respondents' challenge to the standing of the putative next friend, or at least the effect of the Protective Order in such situations. As explained in respondents' opposition to petitioners' motion for entry of the Protective Order (*Al-Harbi*, dkt. no. 13-1) at 6-14, the ruling sought by petitioners regarding counsel access raises serious interpretive issues with respect to the Protective Order and is inconsistent with the history and context of the language of the Protective Order as it was developed in the Guantanamo *habeas* cases under Senior Judge Joyce Hens Green, cases coordinated pursuant to the order and direction of the Court as a whole, including through a September 15, 2004 Resolution of the Executive Session. The interpretation of the Protective Order sought by petitioner's counsel also results in the extra-legal assertion of jurisdiction by the Court, inconsistent with the *habeas* statute, 28 U.S.C. § 2242, and the requirements of *Whitmore*, as well as raises significant

separation of powers issues by requiring respondents to provide direct, privileged access to wartime detainees in a military detention facility by counsel merely purporting to represent a detainee, without any showing by counsel of proof of appropriate authority to represent the detainee directly or through a next friend meeting appropriate standing requirements. The Court should not proceed to act upon such serious issues when the detainee at issue already has a previously filed case on his behalf that has already addressed the issues and, thus, in that way, is more advanced than this case. Counsel should be required to enter an appearance in and otherwise proceed in that previously filed case, *Mohammon*, while this case, *Al-Harbi*, should be dismissed with respect to petitioner Merozhev.[2]

---

[2] Additionally, the motion for access with respect to petitioner Merozhev should be denied because the Detainee Treatment Act of 2005, Pub. L. No. 109-148, Tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over this action in the Court of Appeals. The Act, among other things, amends 28 U.S.C. § 2241 to eliminate court jurisdiction to consider petitions for writ of habeas corpus and other claims by aliens held as enemy combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any military commissions, *id.*, § 1005(e)(1), (e)(2), (e)(3). Section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review. While the Supreme Court in *Hamdan v. Rumsfeld*, 126 S. Ct. 2749, 2762-2769 (2006), held that § 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly apply to cases pending prior to enactment. Although the petitioner in *Hamdan* escaped the Act because his challenge did not involve a final decision of a military commission within the exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the question of the effect of the exclusive review provisions of the Act on other cases, stating that "[t]here may be habeas cases that were pending in the lower courts at the time the DTA was enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection (e)(2) or (e)(3). We express no view about whether the DTA would require transfer of such an action to the District of Columbia Circuit." *Hamdan*, 126 S. Ct. at 2769 n.14.

The *Al-Harbi* case is such a case, *i.e.*, challenging petitioners' designation as an enemy combatant through the Combatant Status Review Tribunal. Given the Act's investment of

***Ravil Mingazov, a.k.a. Ravil Mingaza Gamil***.  For similar reasons, the Court should reject the motion for counsel access with respect to petitioner Mingazov and should deny the

---

exclusive review in the Court of Appeals, the District Court lacks jurisdiction over this case for it is well-settled that an exclusive-review scheme, where applicable, precludes the exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus.  *Cf., e.g.*, 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . . habeas corpus"); *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); *FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); *Laing v. Ashcroft*, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition.").  *See also Telecomm. Research and Action Ctr. v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); *id.* at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  The relief requested by petitioners would require an assertion of jurisdiction and authority in the case inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); *see also Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Thus, the Supreme Court's decision in *Hamdan* has not resolved the issue of whether this Court may exercise jurisdiction in this case in light of the Act.  The effect of the Act on cases like this remains pending before the Court of Appeals in the pending Guantanamo detainee appeals (*see Boumediene v. Bush*, Nos. 05-5062 and *Al Odah v. United States*, No. 05-5064), and the effect of *Hamdan* on this issue was addressed in supplemental briefing to the Court of Appeals, completed on August 15, 2006.  Accordingly, while the motion for counsel access should be denied, at a minimum, a stay of proceedings in this case, including with respect to the request for relief, is appropriate pending the resolution of the effect of the Act by the Court of Appeals.  For this additional reason, respondents oppose the request for relief with respect to petitioner Merozhev.

motion to transfer and consolidate the case previously filed on behalf of petitioner Mingazov, *Gamil v. Bush*, No. 05-CV-2010 (JR), into the later-filed *Al-Harbi* case. Petitioner's counsel argues for consolidation of *Gamil* into *Al-Harbi* and an order for counsel access in *Al-Harbi* based on an assertion that the *Al-Harbi* case is "further advanced" than *Gamil* because the Protective Order has been entered in *Al-Harbi* and counsel in *Al-Harbi* have obtained security clearance. The *Al-Harbi* case, however, suffers a fundamental jurisdictional defect that the *Gamil* case does not. As with petitioner Merozhev, the *Al-Harbi* suit on behalf of petitioner Mingazov has not been directly authorized by Mingazov, but rather is brought by a fellow detainee who has not demonstrated that he meets the standing requirements imposed by the Supreme Court in *Whitmore*. Accordingly, granting counsel's request for access would raise the serious interpretive concerns with respect to the Protective Order, as well as the grave jurisdictional and separation of powers concerns, explained above. In the *Gamil* case, however, respondents have not contested the standing of petitioner Mingazov's wife who acts as his next friend in that case. Thus, the *Gamil* case does not suffer the same basic jurisdictional defect related to next friend standing as *Al-Harbi*. While the Protective Order has not been entered in *Gamil*, nothing prevents security-cleared counsel in this case from entering an appearance in the previously filed *Gamil* case and proceeding in that case to obtain entry of the Protective Order, which would then permit counsel access to occur in that case given the showing by counsel in that case of proof of appropriate authority to represent the detainee and the absence of the jurisdictional next friend standing issue. As noted with respect to petitioner Merozhev, counsel should not be permitted to manipulate multiple case filings on behalf of a single petitioner inappropriately. The appropriate course would be for counsel to be required to proceed in the

first-filed case, *Gamil*, with the *Al-Harbi* case, which unlike *Gamil* suffers a fundamental jurisdictional standing defect, being dismissed as to petitioner Mingazov.[3]

## CONCLUSION

For the foregoing reasons, the motion for counsel access should be denied as moot with respect to petitioner Al Harbi and denied for the substantive and procedural grounds stated with with respect to petitioners Merozhev and Mingazov. Further, the motion for transfer and consolidation of the *Gamil* case into the *Al-Harbi* case should be denied.

Dated: September 6, 2006                    Respectfully submitted,

                                                  PETER D. KEISLER
                                                  Assistant Attorney General

                                                  DOUGLAS N. LETTER
                                                  Terrorism Litigation Counsel

---

[3] Additionally, as with petitioner Merozhev, the motion for access with respect to petitioner Mingazov should be denied because the Detainee Treatment Act vests exclusive jurisdiction over this action in the Court of Appeals. *See supra* note 2.

/s/ Terry M. Henry
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Rm. 7212
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents